U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 1 0 2013

CLERK, U.S. DISTRICT COURT
By _____ 1:19pm
          Deputy

PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

## IN THE UNITED STATES DISTRICT COURT

FOR THE _Northern_ DISTRICT OF TEXAS

_FT. Worth_ DIVISION

### PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

_Herman Lee Hall_
**PETITIONER**
(Full name of Petitioner)

_Terrell Unit
1300 FM 655, Rosharon, Tx_
**CURRENT PLACE OF CONFINEMENT**

VS.

_1750197_
**PRISONER ID NUMBER**

_Rick Thaler
Director   TDCJ_
**RESPONDENT**
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

**4-13CV469-A**

**CASE NUMBER**
(Supplied by the District Court Clerk)

---

### INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.      Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6.      Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.      Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.      Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?**  (Check all that apply)

☑    A judgment of conviction or sentence,     (Answer Questions 1-4, 5-12 & 20-25)
       probation or deferred-adjudication probation.

☐    A parole revocation proceeding.     (Answer Questions 1-4, 13-14 & 20-25)

☐    A disciplinary proceeding.     (Answer Questions 1-4, 15-19 & 20-25)

☐    Other:_____     (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**

**Note:** In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1.     Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: <u>213TH District Court</u>

    <u>of Tarrant County, Texas</u>

2.     Date of judgment of conviction: <u>October 25, 2011</u>

3.     Length of sentence: <u>15 years</u>

4.     Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: <u>Unknown</u>

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.  What was your plea? (Check one)   ☐ Not Guilty   ☑ Guilty   ☐ Nolo Contendere

6.  Kind of trial: (Check one)   ☐ Jury   ☑ Judge Only

7.  Did you testify at trial?   ☐ Yes   ☑ No

8.  Did you appeal the judgment of conviction?   ☑ Yes   ☐ No

9.  If you did appeal, in what appellate court did you file your direct appeal? _2ND DISTRICT_

    _Court of Appeals_   Cause Number (if known): _02-12-00020-CR_

    What was the result of your direct appeal (affirmed, modified or reversed)? _Dismissed_

    What was the date of that decision? _Feb, 16, 2012_

    If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

    Grounds raised: _____

    _____

    Result: _____

    Date of result: _____   Cause Number (if known): _____

    If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

    Result: _____

    Date of result: _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ☑ Yes   ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: _Court of Criminal Appeals of Texas_

    Nature of proceeding: _Mandamus_

    Cause number (if known): _WR-28,334-11_

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: _____

Grounds raised: <u>*Trial Court fail to forward Writ of Habeas*</u>

<u>*Corpus in timely manner*</u>

Date of final decision: *4-10-13*

What was the decision? *Denied*

Name of court that issued the final decision: *Court of Criminal Appeals of Tx.*

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: *213ᵗʰ District Court of Tarrant County, Tx.*

Nature of proceeding: *Habeas Corpus*

Cause number (if known): *213-009632-1175155D*

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:

_____

Grounds raised: *Ineffective assistance, Defective Search Warrant,*

*involuntary plea, Defective Indictment, No Competency hearing*

Date of final decision: *Unknown*

What was the decision? *Denied*

Name of court that issued the final decision: *Unknown*

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?   ☑ Yes   ☐ No

   (a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: *Tarrant County, Texas*

   _____

   (b) Give the date and length of the sentence to be served in the future: _____

   *30 years*

–4–

(c)      Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?      ☑ Yes      ☐ No

**Parole Revocation:**

13.      Date and location of your parole revocation: _____

14.      Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?      ☐ Yes      ☐ No

If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15.      For your original conviction, was there a finding that you used or exhibited a deadly weapon? ☐ Yes      ☐ No

16.      Are you eligible for release on mandatory supervision?      ☐ Yes      ☐ No

17.      Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:

_____

Disciplinary case number: _____

What was the nature of the disciplinary charge against you? _____

18.      Date you were found guilty of the disciplinary violation: _____

Did you lose previously earned good-time days?      ☐ Yes      ☐ No

If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:

_____

Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:

_____

_____

_____

19.      Did you appeal the finding of guilty through the prison or TDCJ grievance procedure? ☐ Yes      ☐ No

If your answer to Question 19 is "Yes," answer the following:

Step 1 Result: _____

Date of Result: _____

Step 2  Result: _____

Date of Result: _____

**All petitioners must answer the remaining questions:**

20.     For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Summarize briefly the facts supporting each ground.  If necessary, you may attach pages stating additional grounds and facts supporting them.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A.      **GROUND ONE:** _Plea was INVOLUNTARILY ENTERED_

_____

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_Plea was made without Knowing the consequences of the plea.
Attorney told Hall that he could not get another attorney because he had
already got rid of one state attorney and Hall was stuck with him.
Attorney told Hall that he promise if Hall goes to Jury Trial that he
would get way more than 15 years. And this was Hall's last time to take
the 15 years before going to trial. Also if Hall take the 15 years that Hall
would only have to stay a couple of years and then get out. Attorney
used Hall's mental capacity to get Hall to plead guilty. Hall realized what
had happen and file a pro se motion for appeal. Attorney did not tell Hall that
the parole board would use his past to treat his present case 36.(MORE)_

B.      **GROUND TWO:** _____

_DEFECTIVE SEARCH WARRANT_____

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_The search warrant was void for the facts that it had_

_another person's name and address on it that was marked out_

_and Hall's name and address wrote in. Also violated the_

_Knock and announce law. And no Judge's name or signature._

_____

C. **GROUND THREE:** Enhancement Portion of the Indictment is Defective

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
The instant indictment had two enhancement paragraphs. The robbery indictment used for enhancement had already been used in a previous indictment to enhance punishment, And now used again in the instant indictment to enhance punishment. (Double Jeopardy). Also the robbery indictment itself is defective "in part" "to maintain and take control of to said wit property" * "NO property was taken or stated. Also considered a knife a deadly weapon and no length nor manner of use. And the other enhance case. The evidence used was improperly destroyed and tampered with.

D. **GROUND FOUR:** Fail to have Competency hearing

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Hall had previously been found incompetent to stand trial. Upon Hall's return, Hall was not taken to Court for a competency hearing to see if Hall was competent.

21. Relief sought in this petition: Reversal and to show that counsel was ineffective. Also that plea was involuntary.

**GROUND ████ FIVE** Ineffective Assistance of Counsel

**FACTS SUPPORTING GROUND ONE:**

(1). Attorney had knowledge that Applicant (Hall) had previously been found incompetent to stand trial. Attorney knew Hall was being medicated for mental illness. Attorney knew Hall had just come from a Mental hospital Attorney knew that Hall did not know what happen the day of his arrest. Attorney fail to request for competency hearing. (2) Attorney fail to challenge the inditment Evidence use for enhancement was defective and met double jeopardy. The robbery portion of the enhancement had already been used for an enhancement, there fore the robbery portion and/or inditment had been used twice for enhancement. The robbery inditment itself is defective. The indictment reads to obtain and maintain control of to said wit property " " no property was stated. And the other enhancement paragraph, the evidence was destroyed and tampered with in order to maintain a conviction. (3) Attorney fail to challenge search warrant when search warrant had another person's name and address on it that was marked out and Hall's name and address wrote in and no Judge's signature. 4. Attorney told Hall that there was nothing wrong with the indictment nor the search warrant. Also he promise that if Hall goes to Jury Trial that he would get way more than 15 years and this is the last time to take the 15 years before going to trial Attorney told Hall that he could not get another state attorney. (5) No challenge of evidence of search warrant. (6) No motion to suppress.

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?  ☐ Yes  ☐ No
If your answer is "Yes," give the date on which <u>each</u> petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?  ☐ Yes  ☐ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
☐ Yes  ☑ No

If your answer is "Yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____

_____

_____

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes  ☑ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

_____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _Unknown_____

(b) At arraignment and plea: _Daniel Hernandez, 800 Weatherford, Ft. Worth, Tx._

(c) At trial: _Daniel Hernandez, 800 Weatherford, Ft. Worth, Tx._____

(d) At sentencing: _Daniel Hernandez, 800 Weatherford, Ft. Worth, Tx._____

(e) On appeal: _NONE_____

(f) In any post-conviction proceeding: _NONE_____

(g)     On appeal from any ruling against you in a post-conviction proceeding: _____

_____ *NONE* _____

## Timeliness of Petition:

26.     If your judgment of conviction, parole revocation or disciplinary proceeding became final over
one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. §
2244(d) does not bar your petition.[1]

_____

_____

_____

_____

_____

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d),
provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A)     the date on which the judgment became final by the conclusion of direct review or the
expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation
of the Constitution or laws of the United States is removed, if the applicant was prevented from
filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme
Court, if the right has been newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been
discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____

Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on ·

_June 5th, 2013_____ (month, day, year).

Executed (signed) on _June 5th 2013_____ (date).

_Herman Lee Hall_____
Signature of Petitioner (required)

Petitioner's current address: _Herman Lee Hall #1750197, Terrell Unit_____

_1300 FM 655, Rosharon Tx, 77583_____

–10–

EX PARTE

Herman Lee Hall #1750197

## MEMORANDUM

Petitioner pled guilty to the offense of possession of four grams or more, but less than two hundred grams, of of cocaine. See Judgment, The trial court sentenced him to fifteen years confinement in the Texas Department of Criminal Justice

Petitioner filed pro se motion for appeal. The Second District Court of Appeals of Texas found that the petitioner had no right to appeal from a plea-bargain case, and dismissed the direct appeal. SEE Hall v. State No. 02-12-00020-CR

Petitioner filed prior applications for writ of habeas corpus. Which the Court of Criminal Appeals dismissed because petitioner's direct appeal was still pending SEE EX PARTE HALL, NOS. WR-28,334-08, WR-28,334-09. and WR-28,334-10

Petitioner filed an application for writ of habeas corpus alleging the following grounds for relief;

1. Denial of effective assistance of counsel
2. Defective search warrant.
3. Defective indictment
4. Trial court improperly failed to conduct a competency hearing

1 of 8

5. Involuntary plea
6. Evidence is insufficient to prove prior convictions
This Court should consider the following findings of fact,
conclusions of law and arguments.

EFFECTIVE ASSISTANCE OF COUNSEL / VOLUNTARINESS OF PLEA

In order to challenge the effectiveness of counsel where
an applicant has pled guilty, the applicant must show
that his counsel's advice was not within the range of
competence demanded of attorneys in criminal cases, and
that there exists a reasonable probability that, but for
counsel's errors, he would not have pled guilty and insisted
on going to trial. SEE Ex parte Moody, 991 S.W. 2d. 856, 857-
58 (Tex. Crim. App 1999), citing Hill v. Lockhart, 474 U.S. 52, 59
106 S. Ct. 366, 370, 88 L.Ed. 2d 203 (1985), and Strickland v.
Washington, 466 U.S. 668, L87. 694, 104 S. Ct. 2052, 2064, 2068,
80 L.Ed. 2d 674 (1984).

Attorney fail to file motion to suppress. SEE Court
reporter records. also see: Daniel Hernandez Affidavit.
Hall believes that if counsel would have file a motion
to suppress, that said evidence would have freed him.
Or at least given counsel some sort of defense. Counsel
seem to not want defend Hall or review evidence SEE
Thomas v Varner, 428 F.3d 491, 502 (3rd Cir. 2005) (counsel
failure to file a motion to suppress a witness testimony

2 of 8

was unreasonable strategy because the motion had merit.
Smith v. Dretke, 417 F.3d. 438, 442 (5TH Cir 2005)(counsel's
failure to introduce certain evidence was unreasonable
strategy because he did so based on misapprehension of
the law) Also SEE Kimmelman v. Morrison, 477 U.S. 365, 385
(1986). (Counsel's failure to conduct any pretrial discovery
and failure to file timely suppression motion was
prejudicial unreasonable and below prevailing profes-
sional norms Draughan v. Dretke 427 F3d. 286, 296
(5TH Cir. 2005 (Counsel's failure to raise obvious and
significant issues was ineffective assistance because it
was without legitimate strategic purpose.

In the case at hand, Counsel Mr. Hernandez fail to file
proper motions, fail to prepare any defense for Hall.
SEE. Hernandez Affidavit. Also Court Reporter records
This prevented Hall from raising obvious and significant
issues such as defects in the warrant and etc.
DRAUGHON v. Dretke 427 F.3d 286,296 (5TH Cir 2005)
counsels failure to investigate forensics of shooting was
ineffective because it deprived defendant of a sub-
stantial argument. Reynold v. Chapman 250 F.3d. 1337,
1347 (11TH Cir. 2001) Counsels conflict of interest affected
performance because prevented counsel from raising
reasonable defenses in defendants favor. Also SEE.
Lockett v. Anderson. 230 F3d. 695.716 (5TH Cir 2000)
ineffective assistance because counsel failed to
investigate potentially mitigating evidence.

Records indicate that plea may be made involuntary.
Hall filed a prose motion to appeal. Attorney nor court
told Hall that he could not appeal. SEE _Court Clerk records_
also SEE _Court Reporter Records_

. Court never ask Hall was he satisfied with his counsel's
(Daniel Hernandez) representation. _SEE. Court Reporter_
_Records_

Counsel refused to challenge search warrant and indictment
after being ask by Hall to do so prior to any plea. _SEE_
_Hernandez Affidavit_,

Counsel gave Hall misleading data in concern of the
warrant, the indictment and the Jury trial. Counsel told
Hall nothing was wrong with the search warrant, indictment
nor the evidence. And promise Hall that if he goes to
trial that he promise Hall would get far more than
15 years. And take the 15years and will be out in a couple of years

Counsel nor Court told Hall that he was giving up his
right to appeal. _SEE Court Reporter Records_

Records indicate Hall was reluctant to plea guilty. _SEE_
_Hernandez Affidavit,_ Also _SEE_ _Court Reporter Records_.

If there is a plea of guilty or nolo contendere. the COURT
REPORTER MUST keep a verbatim record of the plea
proceedings. including the court's advice to the defendant,
the voluntariness inquiry. the factual basis inquiry. and the
detail of the plea agreement. Fed.R.Crim. P. 11(g).

4 of 8

U.S. v. Marrero - Rivera, 124 F.3d 342, 348 (1st Cir 1997)(Rule II
hearing should produce complete record of factors relevant
to determining whether defendant understood charge and
consequences of plea to eliminate any need to resort to
later fact-finding proceedings)

U.S. v. Brown, 117 F3d 471, 476 (11th Cir 1997)(plea invalid
because defendant was affirmatively misinformed about
elements of offense to which he pleaded).

Hill v. Beyer 62 F.3d 474, 483-84 (3rd Cir 1995)(plea invalid
because court failed to determine that defendant
understood he was waiving constitutional rights. SEE U.S. v.
Arellano - Gallegos, 387 F3d 791, 797 (9th Cir 2004)(plea invalid
because Judge did not inquire if defendant understood he was
giving up his right to appeal). U.S. v. Baty 980 F2d 977, 978-79
(5th Cir 1992) (plea not Knowing because court failed to
explain to defendant implications of waiving right to appeal
despite requests for clarification).

Court nor Counsel informed Hall that he was waiving
his right to Appeal. SEE COURT REPORTER RECORDS

No one ask Hall was he satisfied with his counsel's
Representation. SEE Court Reporter Records

No one ask Hall if he understood the proceedings. SEE
Court Reporter Records

All records indicate Hall did not understand the proceedings
against him. Hall also filed pro se motion to appeal. Records
indicate plea may not have been voluntary. SEE Court Clerk
Records; Court Reporter Records and Mental Health Records

5 of 8

Moreover Hall would never give up his constitutional right where D.N.A. evidence existed that was not challenged at trial. But when the challenge was made, The Ft. Worth Police Department stated that they destroyed the evidence improperly. And the Ft. Worth Forensic Lab stated they still had the DNA but can not locate it at the time. And said D.N.A. would provide proof that Hall was not guilty. Also Hall would not have given up his right to challenge a defective search and warrant.

## SEARCH WARRANT

Search warrant was defective. Warrant had another person's name and address on it. which was marked out and Hall's name and address wrote in place. Also the knock and announce law was violated. Upon entering the residence. Officers did not knock nor announce there presents or authority

Hall request his counsel over and over again to challenge the warrant. Counsel refused to do so. Therefore Hall filed a Pro se Motion challenging the warrant. SEE COURT CLERK RECORDS

Mapp v. Ohio, 367 U.S. 643,655 (1960)(barring use in state courts of evidence seized in violation of the 14th Amendment). SEE Also Hill v. Cali. 401 U.S. 797, 804 (1971).

Draughon v. Dretke 427 F3d. 286, 296 (5th Cir. 2005) Counsel's failure to raise obvious and significant issues was ineffective

6 of 8

assistance because it was without legitimate strategic purpose. Lockett v. Anderson 230 F3d. 695. 716(5ᵗʰCir. 2000)(Ineffective assistance because counsel failed to investigate potentially mitigating evidence.

Hall's first challenge of the search warrant was a pro se motion. SEE Court Clerk Records

Hall requested counsel to challenge warrant. Counsel fail to challenge. SEE Daniel Hernandez Affidavit

Warrant had someone else name and address marked out and Halls name and address wrote in. Also no signature of Judge

### INDICTMENT

Before any waiver, Judgment or Written Plea Admonishment Hall strongly requested his counsel Daniel Hernandez to challenge the indictment. Especially the enhancement portion. Counsel refused to challenge.

Hall executed a pro se motion challenging the enhancement. SEE COURT CLERK RECORDS. Also Daniel Hernandez Affidavit

The evidence surrounding the indictment are defective and therefore the indictment itself is defective. And if Halls counsel would not have coerced Hall into a guilty plea, Hall would have been able to challenge the evidence. And hope fully reopen his prior cases which was used as evidence.

The robbery indictment is defective because in order for a robbery to occur. property must be taken and stated in the indictment. No property was taken nor stated in the indictment

Said robbery indictment also fail where it stated that a Knife was used. And stated that the Knife was a deadly weapon. And did not state the sized nor manner of user. Also the robbery indictment had already been use to enhance punishment. And to use again would be double punishment.

And as to the second enhancement paragraph. Hall went to Jury trial and D.N.A. evidence was available to provide evidence of innocence or guilt. But the D.N.A. was not challenged at that time. But as soon as the D.N.A. law came into effect. Hall challenged the D.N.A. evidence. And said evidence was improperly destroyed and tampered with. And Court records related to the D.N.A. would clearly show

Counsel's representation was far below the norm in Hall's case until it is unbelievable. Counsel Daniel Hernandez also clearly misrepresented himself in his own affidavit Where Mr. Hernandez stated under oath that Judge Sturns ask me was 1 satisfied with his representation. When in fact Judge Sturns was not in court. Judge Sturns never ask Hall was he satisfied with Mr Hernandez representation.

Counsel's representation was well below norm. Plea was involuntary. All record indicate what Hall states is true. _Court Clerk records_, _Court Reporter Records_ and _MHMR records_ all indicate Hall states the truth.

8 of 8



Herman Lee Hall # 1780197
C.T. Terrell Unit
1300 FM 655
Rosharon, TK. 77583

FUA-1072

U.S. District Clerk
310 U.S Court house
501 W. 10th
FT Worth TX   76102

RECEIVED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FORT WORTH DIVISION
2013 JUN 10 PM 1:19
CLERK OF COURT

PRIVILEGED OFFENDER MAIL
NOT INSPECTED BY TEXAS
DEPARTMENT OF CRIMINAL
JUSTICE - CORRECTIONAL
INSTITUTIONS DIVISION