*ORIGINAL*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 30 2013

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| HERMAN LEE HALL,<br>TDCJ-CID No. 1750197,<br>　　　　　Petitioner,<br><br>v.<br><br>WILLIAM STEPHENS, Director,<br>Texas Department of Criminal<br>Justice, Correctional Institutions<br>Division,<br>　　　　　Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

§　　CIVIL ACTION NO. 4:13CV469-A
§　　(U.S. District Judge John McBryde)

## RESPONDENT STEPHENS'S ANSWER
## WITH BRIEF IN SUPPORT

Petitioner Herman Lee Hall pled guilty to possession of a controlled substance and was sentenced to fifteen years imprisonment on October 25, 2011. Hall now seeks habeas corpus relief in this Court pursuant to 28 U.S.C. §§ 2241, 2254. However, Hall's petition should be dismissed with prejudice because it is without merit.

## JURISDICTION

The court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254 (West 2010). Jurisdiction is proper in either the district where Hall is in custody or the district in which the state court convicted and sentenced him. *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000) (quoting § 2241(d)). In this case, jurisdiction is based on Hall's

conviction in Tarrant County, which is within the Northern District of Texas.[1]

## HALL'S ALLEGATIONS

Hall's claims can be summarized as follows:

1. His guilty plea was involuntary;

2. The search warrant was defective;

3. The enhancement portion of the indictment was defective;

4. The trial court failed to have a competency hearing;

5. He received ineffective assistance of counsel because trial counsel—
    a. erroneously advised him to plead guilty;
    a. failed to request a competency hearing;
    b. failed to challenge the indictment;
    c. failed to challenge the search warrant;

Federal Writ Pet. at 7-8 and attached pages and Supporting Memorandum.

## DENIAL

The Director denies all of Hall's assertions of fact, except those supported by the record or specifically admitted herein. In addition, the Director opposes any future, substantive motions filed by Hall—including, without limitation, a motion to amend and/or supplement his petition, and a motion for an evidentiary hearing—and will respond to any such motions only upon order of the Court.

---

[1]"SHCR" refers to the Clerk's Record of pleadings and documents filed with the court during petitioner's state habeas proceedings. *See generally, Ex parte Hall,* App. Nos. 28,334-08 through -12.

## STATEMENT OF THE CASE

The Director has lawful custody of Hall pursuant to a  judgment and sentence of the 213th District Court Tarrant County, Texas, in cause number 1175155DF, styled *The State of Texas vs. Herman Lee Hall.* SHCR-08 at 36. Hall was charged by indictment with committing the offense of possession of four grams or more but less than 200 grams of a controlled substance, enhanced as a habitual offender with prior convictions for sexual assault and robbery. SHCR-08 at 25. After being admonished of the waiver of his constitutional rights, judicially confessing, and stipulating to the evidence against him, Hall pled guilty to the primary offense and the state agreed to waive the habitual portion of the indictment in exchange for a plea recommendation of fifteen years imprisonment. SHCR-08 at 28-33. On October 25, 2011, in accordance with the plea bargain agreement, the court sentenced him to fifteen years imprisonment. *Id.* at 36, 28.

Hall filed a notice of appeal but the Second Court of Appeals dismissed his appeal pursuant to Texas Rule of Appellate Procedure25,2(d), 43.2 because Hall had waived his right to appeal when he pled guilty. Hall v. State, No. 02-12-00020-CR (Tex. App. –Fort Worth, Feb. 16, 2012). Hall filed several state writ applications which were dismissed because his direct appeal was pending. SHCR-08;-09;-10.[2] Then, on May 3, 2012 he filed a state writ application, which

---

[2] Hall also filed a motion, which the Court of Criminal Appeals construed as a Motion for Leave to File a Writ of Mandamus. SHCR-11. The Court of Criminal Appeals held it in abeyance for thirty days until Respondent submitted a response.

the Court of Criminal Appeals denied without written order based on the findings of the trial court on April 10, 2013.  SHCR-12 at 2, "Action Taken" sheet.  On June 5, 2013 Hall indicates he placed his federal writ petition in the prison mail.[3]  Fed. Writ Pet., at 11.

## STATE COURT RECORDS

The state court records were mailed to this Court on September 18, 2013. A copy of the record will not be forwarded to Hall.[4]

## EXHAUSTION OF STATE COURT REMEDIES AND RESULTING PROCEDURAL DEFAULT

The Director believes Hall has sufficiently exhausted his state court remedies as required by 28 U.S.C. §2254(b) and (c), due to the presentation of his claims in his state application for writ of habeas corpus.  SHCR-12 at 7-12. Therefore, the Director does not move for dismissal for failure to exhaust his state court remedies.   Further, the Director reserves the right to raise exhaustion/procedural default should Hall contend that he raised more than the issues listed above, or should he further amend and/or supplement his petition with additional issues, other than those stated herein.

---

[3]   *See* Spotville v. *Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (for purposes of determining the applicability of AEDPA, a pro se petitioner's federal petition is filed on the date it is placed in the prison mail system).

[4]   An indigent inmate is not entitled to receive a free copy of his trial records for habeas corpus purposes. *See United States v. MacCollom*, 426 U.S. 317 (1976); *Smith v. Beto*, 472 F.2d 164, 165 (5th Cir. 1973).

4

## ANSWER

Under 28 U.S.C. § 2254(d), a federal court may not issue a writ of habeas corpus for a defendant convicted under a state judgment unless the adjudication of the relevant constitutional claim by the state court, (1) "'was contrary to' federal law then clearly established in the holdings of" the Supreme Court; or (2) "'involved an unreasonable application of'" clearly established Supreme Court precedent; or (3) "'was based on an unreasonable determination of the facts' in light of the record before the state court." *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011) (quoting *(Terry) Williams v. Taylor,* 529 U.S. 362, 412 (2000)); 28 U.S.C. § 2254(d). The Supreme Court has explained that a state court decision is "contrary" to established federal law if the state court "applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases," or confronts facts that are "materially indistinguishable" from a relevant Supreme Court precedent, yet reaches an opposite result. *Williams*, 529 U.S. at 405–06.

A "run-of-the-mill" state court decision applying the correct Supreme Court rule to the facts of a particular case is to be reviewed under the "unreasonable application" clause. *Williams*, 529 U.S. at 406. To this end, a state court unreasonably applies Supreme Court precedent only if it correctly identifies the governing precedent but unreasonably applies it to the facts of a particular case. *Id.* at 407–09. And as the Supreme Court recently described this deferential standard, in order to determine if the state court made an unreasonable application, a federal court "must determine what arguments or theories supported or . . . *could have supported*, the state court's decision; and then it must ask *whether it is possible fairminded jurists could disagree that those*

5

*arguments* or theories are inconsistent with the holding in a prior decision of this Court." *Richter*, 131 S. Ct. at 786 (emphasis added). Indeed, this is the "only question that matters under § 2254(d)(1)." *Id.*

Thus, "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree'" on the correctness of the state court's decision. *Richter*, 131 S. Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)); *see also Woodford v. Visciotti*, 537 U.S. 19, 27 (2002) (federal habeas relief is only merited where the state-court decision is both incorrect and objectively unreasonable, "whether or not [this Court] would reach the same conclusion"). Moreover, "[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Alvarado,* 541 U.S. at 664. This is particularly true when reviewing a state court's application of *Strickland v. Washington*, 466 U.S. 668 (1984), which when analyzed in conjunction with § 2254(d), creates a difficult to surmount, "doubly" deferential assumption in favor of the state court denial. *Richter*, 131 S. Ct. at 786.

"It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter,* 131 S. Ct. at 786.

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is *no possibility fairminded jurists could disagree* that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas

> corpus is a "guard against *extreme malfunctions* in the state
> criminal justice systems," *not a substitute for ordinary error*
> *correction through appeal.*

*Id.* (emphasis added) (internal citations omitted).

Moreover, it is the state court's "ultimate decision" that is to be tested for unreasonableness, and not every jot of its reasoning. *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc); *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001); *see also Catalan v. Cockrell*, 315 F.3d 491, 493 (5th Cir. 2002) (". . . . we review only the state court's decision, not its reasoning or written opinion . . . ."). Indeed, state courts are presumed to know and follow the law." *Visciotti*, 537 U.S. at 24. And, even where the state court fails to cite to applicable Supreme Court precedent or is unaware of such precedent, AEDPA's deferential standard of review nevertheless applies "so long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent]." *Early v. Packer*, 537 U.S. 3, 8 (2002); *Richter*, 131 S. Ct. at 786.

If the Supreme Court has not "broken sufficient legal ground to establish [a] . . . constitutional principle, the lower federal courts cannot themselves establish such a principle with clarity sufficient to satisfy the AEDPA bar" under either the contrary to or unreasonable application standard. *Williams*, 529 U.S. at 381. Stated differently:

> As a condition for obtaining habeas corpus from a federal court, a
> state prisoner must show that the state court's ruling on the claim
> being presented in federal court was so lacking in justification that
> there *was an error well understood and comprehended in existing*
> *law beyond any possibility for fairminded disagreement.*

*Richter*, 131 S. Ct. at 786–87 (emphasis added). And a federal court must be

wary of circumstances in which it must "extend a [legal] rationale" of the Supreme Court "before it can apply to the facts at hand . . ." because such a process suggests the proposed rule is not clearly established. *Alvarado,* 541 U.S. at 666.

AEDPA also provides that the state court's factual findings "shall be presumed to be correct" unless the petitioner carries "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell,* 274 F.3d 941, 948 n.11 (5th Cir. 2001). And except for the narrow exceptions contained in § 2254(e)(2), the evidence upon which a petitioner would challenge a state court fact finding must have been presented to the state court. Because a federal habeas court is prohibited from granting relief unless a decision was based on "an unreasonable determination of the facts in light of the evidence presented in the state court proceeding," it follows that demonstrating the incorrectness of a state court fact finding based upon evidence not presented to the state court would be of no avail to a habeas petitioner. 28 U.S.C. § 2254(d)(2).

Finally, where a habeas petitioner has failed to fully develop the factual bases of his claims in state court, he is precluded from further factual development in federal court unless (1) his claims rely on a new rule of constitutional law or a factual predicate previously undiscoverable through the exercise of due diligence; and (2) he establishes by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found him

guilty. 28 U.S.C. § 2254(e)(2). A failure to meet this standard of "diligence" will bar a federal evidentiary hearing in the absence of a convincing claim of actual innocence that can only be established by newly discovered evidence. *(Michael) Williams v. Taylor*, 529 U.S. 420, 436 (2000). For example, a petitioner's failure to present controverted, previously unresolved factual issues to the state court is sufficient to constitute "failure" under the plain meaning of § 2254(e)(2). *Id.* at 433. But even if the petitioner can meet the foregoing standard, it is within this Court's discretion to deny a hearing if sufficient facts exist to make an informed decision on the merits. *Clark v. Johnson*, 227 F.3d 273, 284-85 (5th Cir. 2000).

## I. Hall's Guilty Plea was Voluntary.

Hall asserts that his attorney's erroneous advice led him to involuntarily plead guilty. Fed. Writ Pet. at 6, 8.

Any challenge to a conviction that was obtained by a guilty plea is limited to issues of voluntariness, the defendant's understanding of the charges against him, and his understanding of the consequences of the plea. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985); *Diaz v. Martin*, 718 F.2d 1372, 1376-77 (5th Cir. 1983) ("a plea of guilty is more than a confession of having acted culpably, it is itself a conviction.") (citing *Boykin v. Alabama*, 395 U.S. 238, 242 (1969)); *see Bradshaw v. Stumpf*, 125 S. Ct. 2398, 2405 (2005) ("A guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'") (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). Further, "[a] federal court will uphold a guilty plea challenged in a habeas

9

corpus proceeding if the plea was knowing, voluntary and intelligent." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). *James* explains that:

> The critical issue in determining whether a plea was voluntary and intelligent is "whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect."

*Id.* at 666 (quoting *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991)). With respect to the guilty plea, the "knowing" requirement that a defendant understand "the consequences" of a guilty plea means only that the defendant understand the maximum prison term and fine for the offense charged. *Ables v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir. 1996) (citing *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990)). A guilty plea form, is prima facie evidence that the defendant was informed of the consequences of his plea and the elements of his crime. *Bonvillain v. Blackburn*, 780 F.2d 1248, 1250 (5th Cir. 1986) ("in a habeas proceeding, the petitioner has the burden of proving that he is entitled to relief."). Further, a plea's validity may not be collaterally attacked merely because the defendant made what turned out, in retrospect, to be a poor deal. *See Bradshaw v. Stumpf*, 125 S. Ct. at 2407. Finally,

In cause number 1175155D Hall was informed that he was charged with possession of between four and two hundred grams of a controlled substance. SHCR-08 at 25, 28. He stipulated to the evidence against him, waived his constitutional right to a trial by jury and the right to confront witnesses against him, and indicated to the court that his plea was voluntary. *Id.* at 28-33. He signed the written plea admonishments, acknowledging the state's proposed

punishment of fifteen years imprisonment. *Id.* at 28. Hall has failed to rebut the presumption that his guilty plea was involuntary. 28 U.S.C. § 2254(e)(1); *Bonvillain*, 780 F.2d at 1250.

## II. Hall has Failed to Establish that his Attorney's Erroneous Advice Caused him to Plead Guilty.

Hall blames his attorney for his involuntary guilty plea. He alleges that his attorney told him that if he chose to have a jury trial that he would receive way more than the fifteen years that the prosecutor offered in the plea bargain. He believes his attorney took advantage of his mental incapacity to get him to plead guilty. Fed. Writ Pet. at 6, 8.

Once a criminal defendant has entered a guilty plea, all non-jurisdictional defects in the proceedings are waived, except those claims of ineffective assistance of counsel relating to the knowing and voluntary nature of the plea. *U.S. v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000). For any claims remaining, the Supreme Court has held that the two-prong test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984), applies to cases involving guilty pleas. *Hill*, 474 U.S. at 57-58. Under *Strickland*, a defendant must show 1) that counsel's performance was deficient; and 2) that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. A reviewing court may dispose of a claim if either counsel rendered reasonably effective assistance or there was a lack of prejudice, and if one is found dispositive, it is not necessary that the court address the other. *Id.* at 697.

The burden of proof in a habeas corpus proceeding attacking the effectiveness of trial counsel is upon the petitioner, who must demonstrate that

ineffectiveness by a preponderance of the evidence. *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1992). Additionally, with respect to the second prong of the *Strickland/Hill* test, Hall may not simply allege, but must "affirmatively prove" prejudice. *Strickland*, 466 U.S. at 693. In the guilty plea context, the requirement of prejudice was interpreted to mean "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59; *see also Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994) (discussing how the assessment of prejudice depends, in part, on a prediction of what the outcome of a trial might have been).

Hall's allegation that his attorney took advantage of his mental state and gave him erroneous advice in an attempt to get him to plead guilty is conclusory. "Mere conclusory statements do not raise a constitutional issue in a habeas case." *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982) (citations omitted). Under Rule 2(c) of the Rules Governing Section 2254 cases, a petitioner is required to plead facts in support of his claims. (West 2012). As a conclusory allegation, this claim must be summarily dismissed. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Moreover, the advice Hall says his attorney gave him—that he faced the possibility of a higher sentence if he chose to bring his case before a jury—is not erroneous. The possibility of greater punishment, without more, does not render a guilty plea involuntary. *Hill v. Estelle*, 653 F.2d 202, 205 (5th Cir. 1981). Further, plea bargaining itself does not render a resulting guilty plea involuntary. *United States v. Ariaza*, 693 F.2d 382, 384 (5th Cir. 1982); *see*

*United States v. Rodriguez-De Maya*, 674 F.2d 1122, 1127 (5th Cir. 1984) (While a guilty plea must be voluntary, the inducement to plead guilty based on a plea bargain does not render the plea involuntary); *United States v. Johnson*, 679 F.2d 54, 59 (5th Cir. 1982) (Defendant having rejected the offer of a plea bargain, cannot complain that his co-defendants received the benefit of a lighter sentence.). Even if misinformed about the maximum possible sentence, the defendant's plea is not to be set aside as involuntary if he receives a sentence less than the law permitted or less than the defendant was informed that the court would impose. *Hill*, 653 F.2d at 205 (citing *United States v. Woodall*, 438 F.2d, 1317, 1328-9 (5th Cir. 1971).

Here, Hall pled guilty and received a fifteen year sentence in accordance with the plea agreement, which is certainly less than the twenty-year sentence that the law allows on a second degree felony, or the twenty-five year sentence he might have received had he not accepted the state's plea offer. *See* SHCR-12 at 94, 76 (Finding No. 19, Attorney Affidavit). At any rate, an attorney's advice on the possibility of a greater punishment is not sufficient to amount ineffective assistance of counsel. *Hill*, 653 F.2d at 205.

Hall raised the claim that his guilty plea was involuntary and his attorney, Mr. Hernandez gave him erroneous advice in his state writ application and the state habeas court thoroughly addressed it as follows,

28.  Mr. Hernandez discussed with the applicant his options of accepting the plea bargain offer or proceeding to trial. *See* Mr. Hernandez' Affidavit, pages 4 & 7.

29.  Mr. Hernandez explained to the applicant that he could be facing a minimum sentence of twenty-five years' confinement

13

due to his two prior felony convictions. *See* Mr. Hernandez' affidavit, pages 4 & 7.

30. The applicant understood the facts and evidence in the case against him. *See* Mr. Hernandez' Affidavit, page 4.

31. The applicant understood that his prior criminal record would be used against him if he testified and that it would be used to enhance his minimum sentence to twenty-five years' confinement. *See* Mr. Hernandez' Affidavit, pages 4 & 5.

32. Mr. Hernandez explained to the applicant that, by accepting the State's plea bargain offer, he would be foregoing any motions or other pre-trial complaints. *See* Mr. Hernandez' Affidavit, page 5.

33. The applicant chose to accept the State's fifteen-year plea offer. *See* Mr. Hernandez' Affidavit, page 5.

34. The applicant gave Mr. Hernandez no indication that he was incompetent to stand trial or enter a plea. *See* Mr. Hernandez' Affidavit, page 5.

35. The applicant gave Mr. Hernandez no indication that he did not understand the charges, the proceedings or his decisions. *See* Mr. Hernandez' Affidavit, page 6.

36. The applicant gave Mr. Hernandez no indication that he was not guilty of this possession offense. *See* Mr. Hernandez' Affidavit, page 5.

37. Prior to accepting the applicant's guilty plea, the trial court fully admonished him regarding the waiver of his rights and the consequences of that plea. *See* Written Plea Admonishments.

38. The trial court's written plea admonishments tracked the statutory requirements for accepting a plea that is freely and voluntarily entered. *See* Written Plea Admonishments; Tex. Code Crim. Proc. art. 26.13(a), (b).

14

39. The applicant signed that he had read and understood the written plea admonishments given to him by the Court. *See* Written Plea Admonishments, pages 3-4.

40. The applicant signed that he was mentally competent, and that his plea was knowingly, freely and voluntarily entered. *See* Written Plea Admonishments, pages 3-4.

41. The applicant signed that he had not been coerced, forced or improperly persuaded to enter his plea, and that he was satisfied with his counsel's representation. *See* Written Plea Admonishment, pages 3-4.

42. The applicant waived his right to the appearance, confrontation and cross-examination of witnesses, and consented to oral and written stipulations of evidence. *See* Written Plea Admonishments, page 4.

43. The applicant waived all the rights given to him under the law when he entered his guilty plea. See Written Plea Admonishments, page 4.

44. The applicant signed and entered a judicial confession admitting all the allegations alleged in the indictment. *See* Written Plea Admonishments, page 5.

45. The applicant's guilty plea was freely, knowingly and voluntarily entered.

46. The applicant's guilty plea was supported by his judicial confession.

SHCR-12 at 95-96. Hall has failed to undermine the presumption of correctness to which these state court findings are entitled. He has not demonstrated that the Court of Criminal Appeals's denial of his claim concerning the voluntariness of his plea, was objectively unreasonable as AEDPA requires.

### III. Hall's Claim that his Attorney Failed to Request a Competency Hearing is not Supported by the Record.

Hall alleges that his attorney was ineffective for failing to request a competency hearing. Fed. Writ Pet. at 6-8. He claims that his attorney knew that he had just come from a mental hospital, and that he did not know what happened the day of his arrest, yet he failed to request a competency hearing. *Id.* However, the state habeas court record indicates that Mr. Hernandez did request a competency hearing, that Hall was at first found incompetent and sent to a mental hospital. Later, however his competency was evaluated on several different occasions and he was found competent to stand trial. SHCR-12 at 94-95 (Finding Nos. 20-36, 34.).

The conviction of an incompetent defendant violates due process. *McDaniel v. State*, 98 S.W.3d 704, 709 (Tex. Crim. App. 2003). The Fifth Circuit has held that "counsel is not constitutionally ineffective for insufficiently investigating a defendant's mental or psychological condition when there is nothing to put counsel on notice that such a condition exists." *Miniel v. Cockrell*, 339 F.3d 331, 345 (5th Cir. 2003). Under Texas law, a defendant is incompetent if he does not have (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against him. *Reed v. State*, 112 S.W.3d 706, 710 (Tex. App. –Houston, [14th Dist.] 2003, pet. ref'd); *see also* Tex. Code Crim. Proc. art. 46B.003(a) (Vernon Supp. 2004). Texas law provides that the process for evaluating a defendant's competency is:

(1) if a competency issue is raised by the defendant, any party, or

the court; and

(2) evidence of incompetence is brought to the attention of the trial court by the defendant, any party, or the court;

(3) of the type to raise a bona fide doubt in the judge's mind regarding the defendant's competency to stand trial; then

(4) the judge must conduct a "competency inquiry" to determine if there is some evidence sufficient to support a finding of incompetence, and if there is,

(5) the judge must impanel a jury for a . . . "competency hearing."

*McDaniel*, 98 S.W.3d at 710-11

In response to this claim, which Hall also raised in his state writ, his attorney explained in his affidavit that he did request a competency evaluation and that Hall was provided one:

On January 24, 2011, we were given a fifteen (15) year offer, waiving the enhancement paragraph charging him with a habitual offender count. At that time, Mr. Hall requested he be given a psychological evaluation to determine his competency. Although I believed Mr. Hall to be competent and have a complete understanding of the nature of his charge, he simply informed, "Get me evaluated, I'll take care of it." In an abundance of caution, I requested Mr. Hall be evaluated based on the fact that he had been previously evaluated and that his comments suggested I needed to assure he was competent to proceed to either trial or a plea. On January 24, 2011, I filed a motion for competency. Judge Sturns appointed Dr. Kelly Goodness. Dr. Goodness evaluated Mr. Hall on January 31, 2011 and found him incompetent to proceed with likelihood that he would attain competency within the foreseeable future. He was sent to the Montgomery Mental Health Facility. In September of 2011, Dr.'s Siji Lizza John and Walter Quijano signed and submitted a report claiming Mr. Hall was competent to stand trial.

17

SHCR-12 at 77.

In addition, the state habeas court made the following findings of fact:

20. The applicant told Mr. Hernandez that he wanted a competency examination. *See* Mr. Hernandez' Affidavit, page 3.

21. On January 24, 2011, Mr. Hernandez filed a new motion for a competency examination. *See* Motion for Competency Examination -January 24, 2011.

22. The trial court granted the motion and ordered Dr. Kelly Goodness to conduct a competency examination. *See* Order for Competency Examination-January 28, 2011.

23. Dr. Goodness evaluated the applicant on January 31, 2011. She concluded that the applicant was presently incompetent to proceed but likely to attain competence within the foreseeable future with appropriate treatment. *See* Dr. Goodness' Report.

24. On March 8, 2011, the trial court found the applicant incompetent to stand trial and ordered his commitment to a mental health facility. *See* Agreed Judgment of Incompetency to Stand Trial.

25. The applicant was hospitalized at the Montgomery County Mental Health Treatment Facility where his competency was evaluated on five different occasions. *See* Dr. Siji John's Report.

26. On September 26, 2011, Dr. John concluded that the applicant was competent to stand trial. *See* Dr. John's Report.

34. The applicant gave Mr. Hernandez no indication that he was incompetent to stand trial or enter a plea. *See* Mr. Hernandez' Affidavit.

SHCR-12 at 94-95 (Finding Nos. 20-26, 34).

The issue of Hall's competency was thoroughly addressed in the courts below. The Court of Criminal Appeals denied this claim when it denied Hall's state writ based on the trial court's findings without written order. SHCR-12 at "Action Taken" sheet. Hall has failed to demonstrate that the state courts's adjudication of this claim was in any way unreasonable.

## IV.  Hall Waived the Rest of his Claims Against his Trial Counsel when he Voluntarily Pled Guilty.

Hall alleges that his trial counsel was ineffective for failing to challenge the search warrant and for failure to challenge the indictment and the enhancement of his sentence. Fed. Writ Pet. at 8. However these claims were waived by Hall's voluntary guilty plea.

As previously stated, any challenge to a conviction that was obtained by a guilty plea is limited to the issues of voluntariness, the defendant's understanding of the charges against him, and his understanding of the consequences of the plea. *Hill,* 474 U.S. at 56-57; *Diaz,* 718 F.2d at 1376-77. Because a plea of guilty is a conviction, nothing remains but to enter judgment and determine punishment. *Boykin v. Alabama,* 395 U.S. 238, 242 (1969) (citing *Kercheval v. United States,* 274 U.S. 220, 223 (1927)). "A plea of guilty and the ensuing conviction encompass all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *Broce,* 488 U.S. at 569.

Once a criminal defendant has entered a guilty plea, all non-jurisdictional defects in the proceedings are waived, except those claims of ineffective

assistance of counsel relating to the knowing and voluntary nature of the plea. *Glinsey*, 209 F.3d at 392 ; *Estelle*, 711 F.2d at 682 (finding that ineffectiveness claims alleging failure to review the prosecutor's file to verify laboratory tests, and failure to investigate witnesses and the legality of arrest were waived by a voluntary guilty plea) (citing *Barrientos*, 668 F.2d at 842).

In his affidavit, which was adopted in the state habeas court's findings, Mr. Hernandez states that he explained to Hall that by pleading guilty and accepting the state's plea bargain offer, he would be foregoing any motions or other pre-trial complaints. SHCR-12 at 95 (Finding No. 32) (Citing  Mr. Hernandez' Affidavit, page 5.)  Mr. Hernandez also stated, had Hall's case proceeded to trial he might have challenged the search warrant via a motion to suppress. *Id.* at 96 (Finding No. 48) (Citing Mr. Hernandez' Affidavit, page 6). The Court of Criminal Appeals denied these ineffective assistance of counsel claims when it denied Hall's state writ application based on the trial courts findings. Again, Hall has failed to show that the state court's adjudication of his claims was unreasonable.

## V.   Hall's Claim of Trial Court Error for Failure to Have a Competency Hearing is Without Merit.

Hall alleges that the trial court erred by failing to order a competency hearing, however, this claim is without merit and should be denied.

On federal habeas review of state court convictions, a federal harmless error standard applies. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993). Therefore, to be actionable, a trial court error must have "'had substantial and injurious effect or influence in determining the jury's verdict.'" *Brecht*, 507 U.S.

at 637 (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)).  Under this standard, a petitioner is not entitled to federal habeas relief based on trial error unless he can establish that the error resulted in actual prejudice.  *See Brecht*, 507 U.S. at 637.  "[A] state defendant has no constitutional right to an errorless trial." *Bailey*, 744 F.2d at 1168; *accord Banks v. McGougan*, 717 F.2d 186, 190 (5th Cir. 1983).

The Director has already shown that the trial court ordered a psychological evaluation and that Hall was found competent to stand trial. SHCR-12 at 95 (Finding No. 26), 61, 62. Considering that once Hall was declared incompetent, he chose to plead guilty, he has failed to establish any reason for the trial court to have ordered a hearing.  He has failed to show that he was prejudiced by the trial court's actions.  This claim is without merit and should be denied.

## VI.   Hall Waived his Fourth Amendment Claim.

Hall alleges that the search warrant was defective.  Not only is this claim waived by his guilty plea, wherein he stipulated to the evidence against him, it is also barred by *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037 (1976).  Where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that the evidence obtained pursuant to an unconstitutional search or seizure was introduced at trial.  *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037 (1976). Hall had an opportunity to challenge the search warrant prior to pleading guilty, therefore he is not entitled to review of this claim in habeas corpus proceedings.

## VII. Hall Waived his Challenge to the Enhancement of his Sentence.

Hall claims a double jeopardy violation as a result of the enhancement of his sentence. Fed. Writ Pet. at 7. The record shows, however, that the state agreed to waive the enhancement allegations in exchange for Hall's acceptance of a plea offer of fifteen years. SHCR-12 at 94 (Finding Nos. 18, 19); SHCR-08 at 28. This claim is without merit and should be denied.

### CONCLUSION

For the foregoing reasons, the Director respectfully requests that Hall's petition for writ of habeas corpus be dismissed with prejudice and that this Court *sua sponte* deny a certificate of appealability.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DON CLEMMER
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

*Attorney in Charge

SUSAN SAN MIGUEL
Assistant Attorney General
State Bar No. 24037425

P.O. Box 12548, Capitol Station

22

Austin, Texas   78711
(512) 936-1400
Facsimile No. (512) 936-1280
susan.sanmiguel@oag.state.tx.us

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing Respondent Stephens's Answer with Brief in Support  has been served by placing same in the United States mail, postage prepaid, on the 27th day of September, 2013, addressed to:

Herman Lee Hall
TDCJ-CID No. 1750197
Terrell Unit
1300 FM 655
Rosharon, TX 77583

SUSAN SAN MIGUEL
Assistant Attorney General

23